**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1966
_____

CONSOL ENERGY, INC.,
Petitioner

v.

MICHAEL J. SWEENEY; DIRECTOR, OFFICE OF
WORKERS COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents

_____

On Petition for Review of a Decision and Order
of the Benefits Review Board
(BRB No. 14-0078 BLA)

_____

Submitted under Third Circuit LAR 34.1(a)
February 11, 2016

Before: FUENTES, KRAUSE, AND ROTH, *Circuit Judges*

(Opinion filed: May 2, 2016)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Before the Court is Consol Energy, Inc.'s Petition for Review of a decision of the

United States Department of Labor Benefits Review Board ("Board") affirming an award

of disability benefits to miner Michael J. Sweeney under the Black Lung Benefits Act

("BLBA"), 30 U.S.C. §§ 901-944.  For the reasons that follow, we deny the Petition for

Review.

I.     **Facts and Procedural History**[1]

Respondent Michael J. Sweeney worked in the coal mines for nearly twenty-five

years until 1999; for at least part of that time, he was employed by Consol.  He was also a

smoker.  On March 4, 2011, Sweeney timely filed a claim for benefits under the BLBA,

alleging that he suffers from respiratory difficulties due to his coal mine employment.

The Administrative Law Judge ("ALJ") concluded that, given Consol's

concessions that Sweeney worked more than fifteen years in the coal mines and had a

"totally disabling respiratory or pulmonary impairment," App'x 7, 36, a rebuttable

presumption exists that Sweeney has legal pneumoconiosis[2] by virtue of 30 U.S.C.

---

[1] Because we write primarily for the parties, we provide background only as
relevant to the issues on appeal.

[2] "Pneumoconiosis" is "a chronic dust disease of the lung and its sequelae,
including respiratory and pulmonary impairments, arising out of coal mine employment."
20 C.F.R. § 718.201(a).  Pneumoconiosis is of two types.  Clinical pneumoconiosis
"consists of those diseases recognized by the medical community as pneumoconioses,
i.e., the conditions characterized by permanent deposition of substantial amounts of
particulate matter in the lungs and the fibrotic reaction of the lung tissue to that
deposition caused by dust exposure in coal mine employment." 20 C.F.R. §
718.201(a)(1).  Legal pneumoconiosis, on the other hand, includes "any chronic lung

2

§ 921(c)(4). In an effort to rebut the § 921(c)(4) presumption, Consol offered the opinions of Drs. Gregory Fino and Joseph Renn to establish that (1) Sweeney does not have pneumoconiosis, or (2) his respiratory or pulmonary impairment did not arise out of his coal mine employment.[3] *See* 30 U.S.C. § 921(c)(4). Both opined that Sweeney's lung disorders "are not associated with coal workers' pneumoconiosis," and the ALJ found parts of their opinions "very persuasive." App'x 42. However, the ALJ ultimately concluded that their opinions did not persuasively rebut the § 921(c)(4) presumption in view of their inability to establish the cause of Sweeney's impairment and inconsistencies between their opinions. In the course of this analysis, the ALJ referenced 20 C.F.R. § 718.305(d) (2012),[4] which provides that the § 921(c)(4) presumption cannot be rebutted "on the basis of evidence demonstrating the existence of a totally disabling obstructive respiratory or pulmonary disease of unknown origin." *See* App'x 43 n.12.

On appeal, Petitioner argued to the Board that the ALJ did not properly consider whether it had rebutted the § 921(c)(4) presumption of legal pneumoconiosis and erroneously rejected the opinions of Drs. Fino and Renn by, in part, relying on 20 C.F.R. § 718.305(d). The Board rejected both arguments.

---

disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2).

[3] Sweeney was examined by several other experts in connection with his claim for benefits, but the ALJ found that their opinions were not persuasive.

[4] The text of this regulation was changed in 2013, but the new regulation contains almost identical language. *See* 20 C.F.R. § 718.305(d)(3) (2013).

3

## II.    Jurisdiction and Standard of Review

We have jurisdiction to review the Board's determination pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).  "The Board is bound by the ALJ's findings of fact if they are supported by substantial evidence." *Hill v. Dir., Office of Workers' Comp. Programs*, 562 F.3d 264, 268 (3d Cir. 2006).   We review the Board's decision only to determine "whether an error of law has been committed and whether the Board has adhered to its scope of review." *Id.* (internal quotation marks omitted) (quoting *Kowalchick v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 615, 619 (3d Cir.1990)).  "We exercise plenary review over the ALJ's legal conclusions adopted by the [Board]." *See Soubik v. Dir., Office of Workers' Comp. Programs*, 366 F.3d 226, 233 (3d Cir. 2004).  Further, "we must independently review the record and decide whether the ALJ's findings are rational, consistent with applicable law and supported by substantial evidence on the record considered as a whole." *Hill*, 562 F.3d at 268.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted).

## III.    Discussion

### A.    Whether the ALJ applied the correct rebuttal standard

The BLBA provides benefits "to coal miners who are totally disabled due to pneumoconiosis" arising out of coal mine employment.  30 U.S.C. § 901(a).  A miner must establish four elements to obtain benefits under the BLBA: "(1) [d]isease: that the miner suffers from pneumoconiosis in clinical or legal form, or both; (2) disease

4

causation: that the pneumoconiosis arose at least in part out of coal mine employment; (3) disability: that the miner has a pulmonary or respiratory impairment that prevents the performance of the miner's usual coal mine work; and (4) disability causation: that the miner's pneumoconiosis contributes to that disability." 78 Fed. Reg. 59102-01, 59106 (Sept. 25, 2013) (citing 20 C.F.R. § 725.202(d)(2)).

Where, as here, "a miner was employed for fifteen years or more" in a coal mine and "other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment," then there is a "rebuttable presumption that such miner is totally disabled due to pneumoconiosis" and is therefore entitled to benefits. 30 U.S.C. § 921(c)(4). A party opposing the award of benefits may rebut this presumption in one of two ways: (1) by establishing that the miner "does not . . . have" clinical or legal pneumoconiosis, or (2) by "[e]stablishing that no part of the miner's respiratory or pulmonary total disability was caused by [legal or clinical] pneumoconiosis," 20 C.F.R. § 718.305(d)(1) (2013). In order to establish rebuttal under the second prong, the party opposing benefits must "rule[] out any connection between the claimant's disability and coal mine employment." *Antelope Coal Co. v. Goodin*, 743 F.3d 1331, 1336 (10th Cir. 2014) (citing 78 Fed. Reg. at 59107); *see also W. Va. CWP Fund v. Pender*, 782 F.3d 129, 140-41 (4th Cir. 2015); *cf. Kline v. Dir., Office of Workers' Comp. Programs*, 877

F.2d 1175, 1179 (3d Cir. 1989) (applying the "rule out" standard to a similarly worded regulation).[5]

Consol asserts that the ALJ only considered whether Consol rebutted the element of disability causation, and not whether it rebutted the element of legal pneumoconiosis. Consol is incorrect. After concluding that Sweeney did not have clinical pneumoconiosis, the ALJ concluded that the § 921(c)(4) presumption gave rise to a finding that Sweeney had legal pneumoconiosis. Later, in Section V of his opinion entitled "Cause of Total Disability," he *expressly* considered whether the evidence disproved the presumption of legal pneumoconiosis. Specifically, the ALJ found that Drs. Fino and Renn "do not explain why [Sweeney's pulmonary impairment,] centrilobular emphysema[,] was caused by smoking alone instead of by his coal dust exposure either singly or in conjunction with his smoking." App'x 43. In finding that the evidence did not completely rule out that any part of Sweeney's emphysema was caused by coal dust exposure, the ALJ necessarily found that the presumption of the existence of

---

[5] The ALJ quoted the prior version of the regulation. App'x 35-36 (quoting 20 C.F.R. § 718.305(d) (2012)). However, that version also allows rebuttal by showing either the absence of pneumoconiosis or that "the total disability did not arise in whole or in part out of dust exposure in the miner's coal mine employment." App'x 36 (quoting 20 C.F.R. § 718.305(d) (2012)). Further, courts have concluded that the "rule out" standard applies to rebuttal under the second prong of this prior version. *See Blakely v. Amax Coal Co.*, 54 F.3d 1313, 1320 (7th Cir. 1995) (stating that in order to rebut the presumption under prong two, a party "must prove by a preponderance of the evidence that coal dust exposure was not a contributing cause of [the claimant's] disabling pulmonary impairment"); *cf. Kline*, 877 F.2d at 1179 (applying the "rule out" standard to a regulation that permits rebuttal by showing that "[t]he evidence establishes that the total disability . . . of the miner did not arise in whole or in part out of coal mine employment"). Thus, the ALJ's reference to the old regulation was inconsequential.

pneumoconiosis (in this case, legal pneumoconiosis), was unrebutted. And, in finding that that Sweeney suffered from legal pneumoconiosis, the ALJ necessarily found that disease causation was established. Legal pneumoconiosis is "any chronic lung disease or impairment and its sequelae *arising out of coal mine employment*," 20 C.F.R. § 718.201(a)(2) (emphasis added), while the element of disease causation requires the miner to show that his pneumoconiosis "arose at least in part out of coal mine employment," *see* 78 Fed. Reg. at 59106. In essence, implicit in a finding of legal pneumoconiosis is a finding of disease causation. *Cf. Andersen v. Dir., Office of Workers' Comp. Programs*, 455 F.3d 1102, 1006-07 (10th Cir. 2006).

The ALJ then considered whether Consol rebutted the element of disability causation—that is, that Sweeney's disability was caused by his pneumoconiosis. The ALJ found that the conclusions of Drs. Fino and Renn did not persuasively rebut the § 921(c)(4) presumption establishing disability causation.

In short, far from considering only whether the element of disability causation was rebutted, the ALJ also considered whether the elements of disease and disease causation were rebutted. As the Board correctly concluded, the ALJ "combined" his discussion of whether Consol rebutted these elements into one section. App'x 7 n.6. Indeed, the ALJ explained as much when he wrote that any rebuttal of the "presumption regarding whether [Sweeney's] respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine, shall be addressed" along with the discussion of whether Consol rebutted disability causation in Section V. *See* App'x 36.

Therefore, we find that the ALJ properly considered whether Consol rebutted the

§ 921(c)(4) presumption and did not commit an error of law.

> **B.** **Whether the ALJ's rejection of the opinions of Drs. Fino and Renn was consistent with the applicable law and supported by substantial evidence**

The ALJ gave the opinions of Drs. Fino and Renn little weight and therefore

concluded that Consol did not rebut the § 921(c)(4) presumption.  Consol seems to

suggest that the ALJ's decision was not supported by substantial evidence and also

argues that the ALJ improperly relied on 20 C.F.R. § 718.305(d).  We address each

argument in turn.

The ALJ found that the opinions of Dr. Fino and Renn were not sufficiently

persuasive to rebut the § 921(c)(4) presumption and that Sweeney was therefore entitled

to benefits.  These conclusions were supported by substantial evidence.  After first stating

otherwise, Dr. Fino concluded that Sweeney does not have usual interstitial pneumonitis

("UIP"), while Dr. Renn concluded that Sweeney likely has UIP.  Both concluded that

Sweeney has centrilobular emphysema and Dr. Renn acknowledged that this disease can

be caused by coal dust exposure.  The ALJ was not persuaded by their efforts to explain

why no part of Sweeney's emphysema or pulmonary disability was caused by coal dust.[6]

The ALJ was therefore entitled to give these opinions little weight.  *See Balsavage v.*

---

[6] The ALJ wrote that while Dr. Fino was of the view that Sweeney's emphysema did not contribute to his pulmonary impairment, Dr. Renn did not address what effect, if any, Sweeney's emphysema had on his impairment.  In fact, Dr. Renn did testify that Sweeney's emphysema contributed to his impairment.  Therefore, the opinions of Drs. Renn and Fino reflect even more inconsistencies than noted by the ALJ, and Dr. Renn's testimony further undermines Consol's effort to rebut the § 921(c)(4) presumption.

8

*Dir., Office of Workers' Comp. Programs*, 295 F.3d 390, 396 (3d Cir. 2002) (noting that the ALJ "has broad discretion to determine the weight accorded each doctor's opinion"); *Mancia v. Dir., Office of Workers' Comp. Programs*, 130 F.3d 579, 588 (3d Cir. 1997) (stating that the "ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences"); *see also Mingo Logan Coal Co v. Owens*, 724 F.3d 550, 558 (4th Cir. 2013) (concluding that the ALJ properly gave less weight to the opinions of experts in part because they did not fully address the contrary opinions of other experts and did not convincingly rule out coal dust exposure as contributing to a claimant's disease).

At bottom, the ALJ was confronted with only weak evidence to show that Sweeney "does not . . . have" pneumoconiosis or that "no part of" of his disability was caused by pneumoconiosis. *See* 20 C.F.R. § 718.305(d). The ALJ's conclusions that Consol did not rebut the § 921(c)(4) presumption and, ultimately, that Sweeney was entitled to benefits, thus were supported by substantial evidence.

Consol next maintains that the ALJ made a legal error. In describing why he discredited the opinions of Drs. Fino and Renn, the ALJ wrote, "in no case shall the [§ 921(c)(4)] presumption be considered rebutted on the basis of evidence demonstrating the existence of a totally disabling *obstructive* respiratory or pulmonary disease of unknown origin." App'x 43 n.12 (emphasis added) (internal quotation marks omitted) (quoting 20 C.F.R. § 718.305(d) (2012)). The ALJ then explained that "[w]hile neither Dr. Renn nor Dr. Fino found evidence of an *obstructive* respiratory or pulmonary disease,

9

they were unable to determine the origin of [Sweeney's] totally disabling respiratory or pulmonary disease." App'x 43 n.12. Because this case does not involve an obstructive disease, Consol argues that the ALJ's citation to and reliance upon this provision constitutes an error of law.

Consol's argument fails. The ALJ acknowledged that neither Dr. Fino nor Dr. Renn diagnosed an obstructive disease, reflecting a recognition that 20 C.F.R. § 718.305(d) does not apply. Rather, as the Board concluded, it appears the ALJ cited 20 C.F.R. § 718.305(d) as general support for the principle that the experts' inability to identify the etiology of Sweeney's impairment undermined their credibility and the persuasiveness of their opinions, and his rejection of their conclusions was based instead on inconsistencies between their opinions and their reliance on an idiopathic cause of Sweeney's impairment—reasons separate and apart from any alleged reliance on 20 C.F.R. § 718.305(d). Accordingly, the ALJ did not commit an error of law.

## IV. Conclusion

For the foregoing reasons, we will deny the Petition for Review.